UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMARR-MASSEY:BEY,                                                                              Defendant,

v.                                                                        Criminal Action No. 3:16-cr-125-DJH

COMMONWEALTH OF KENTUCKY,                                                                   Plaintiff.

* * * * *

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Jamarr-Massey:Bey's "Legal Notice of Removal." For the reasons set forth below, the Court will dismiss this action and remand to state court.

## I.      SUMMARY OF CLAIMS

Although the notice of removal is difficult to follow, it appears that Jamarr-Massey:Bey is a defendant in a state-court criminal action in Oldham County (15 CR 00028). He argues that Oldham County Circuit Court has no jurisdiction over him. He alleges that he "has no contract with OLDHAM COUNTY CIRCUIT COURT, or with the Commonwealth of Kentucky; or with any other segment of the United States of America that can grant jurisdiction over human rights; or over political, economic, social and cultural rights of Indigenous Peoples." Jamarr-Massey:Bey states that he is "Aboriginal/Indigenous." He also alleges that the Commonwealth of Kentucky:

> through its commercial agencies, on the Drivers License, and other misrepresented Instruments, has committed "fraud" to accomplish what is called in legal contemplation, "Capitis Diminutio Maxima", which is that my natural name has been murdered and I was resurrected as a non-natural, created entity subject to regulation and denied the protections of national and international law.

Jamarr-Massey:Bey asks that all "UNCONSTITUTIONAL Citations – Summons/Ticket – Suit" related to 15 CR 00028 be dismissed. He further states that he is suing the Commonwealth of Kentucky, Oldham Circuit Court, Judge Karen A. Conrad, and Attorney Courtney Baxter for $75,000 in compensatory damages and $75,000 for punitive damages each.

## II. PROPRIETY OF REMOVAL

Here, Jamarr-Massey:Bey wishes to remove his state-court criminal action. Although Jamarr-Massey:Bey cites to Sections 1441 through 1446 of Title 28 of the U.S. Code, only § 1443 could possibly apply.

Under 28 U.S.C. § 1443, a state-court criminal action may be removed to federal court:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, Jamarr-Massey:Bey must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Here, Jamarr-Massey:Bey appears to be arguing that the Commonwealth of Kentucky does not have jurisdiction to bring charges against him. In other words, he does not allege the requisite violation of racial equality. Such is not sufficient to support removal under the section. *See also United States ex rel. Sullivan v. State of Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) ("Section 1443 applies only to denial of specific rights of racial equality and not to the whole gamut of constitutional rights" (citations omitted)). Jamarr-Massey:Bey also fails to satisfy the second prong, for he fails to allege a "formal expression of state law," § 1443(1), that prohibits him from enforcing his federal rights in state court. For these reasons, removal is not proper under § 1443(1).

Nor does this action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme Court has noted that "[i]t is clear that removal under that language is available only to state officers."

*Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants & Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Jamarr-Massey:Bey is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

Additionally, Jamarr-Massey:Bey's attempted removal of his criminal case fails for procedural reasons. Jamarr-Massey:Bey has failed to attach the "process, pleadings, and orders" served upon him in the criminal proceeding. *See* 28 U.S.C. § 1455(a) (setting forth procedures for removal of a criminal proceeding). This prevents the Court from determining whether removal was filed within thirty days of arraignment. *See id.* at § 1455(b)(1). Therefore, Jamarr-Massey:Bey's notice of removal is procedurally deficient, and this alone justifies remand. *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1295 (D.N.M. 2011) ("Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed.").

To the extent that Jamarr-Massey:Bey is bringing a counterclaim by stating that he is suing the Commonwealth of Kentucky, Oldham Circuit Court, Judge Conrad, and Attorney Baxter for $75,000 in compensatory damages and $75,000 for punitive damages each, such counterclaim does not confer jurisdiction over this removal. "[A] counterclaim or defense in the criminal proceeding, cannot provide a basis for removal even if it states a claim for relief." *Bey v. Calle*, No. 13-CV-150-TCK-PJC, 2013 WL 1788431, at *1 n.1 (N.D. Okla. Apr. 26, 2013) (citing *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)).

4

### III.  CONCLUSION

For the foregoing reasons, by separate Order, the Court will remand this matter to the state court.

Date: October 14, 2016

David J. Hale, Judge
United States District Court

cc:     Jamarr-Massey:Bey, *pro se*
        Clerk, Oldham County Circuit Court
        Oldham County Attorney
4415.009